

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | *Opinion issued April 30, 2024* |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC100325 |
| | ) | |
| JAMES EUGENE LOGAN, | ) | |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF BOONE COUNTY
### The Honorable Stephanie M. Morrell, Judge

James Logan was found guilty of one count of fourth-degree assault after an incident that occurred in Columbia on July 17, 2022. Logan presents two points on appeal, in which he contends the circuit court erred by conducting his initial appearance and arraignment without first appointing counsel. Finding no error, this Court affirms.

### Factual and Procedural Background[1]

At approximately 9 p.m. July 17, 2022, Victim was walking home from a bar in Columbia when he encountered Logan. Victim testified at trial that Logan was glaring at him and appeared agitated. Victim tried to avoid Logan, but Logan began following him

---

[1] Portions of this section are taken from the court of appeals' opinion by Judge Alok Ahuja.

and repeatedly asking where he was going. Victim testified he began to believe he was in danger and would have to defend himself.

Victim testified Logan ran up behind him as he was heading into an alley and "tried to swing and kick at" him. Victim turned around and started moving backward into the alley. Victim stopped for a moment, and Logan ran up to him and tried to kick him again. At that point, Victim "took a swing at [Logan] and gave him a jab" in the left side of the head. Logan then "became very, very agitated," threw his hat at Victim, and unsuccessfully tried to grab a steel gutter off the side of a building in the alley. Logan then pulled a two-to three-foot metal ring off of a trash can and held it over his head as if preparing to strike Victim.

Logan continued to follow Victim as he walked toward his home. As the two men came into a poorly lit area, Logan jumped in front of Victim and tried to grab him. The Victim "threw two or three right hooks" and made impact at least once. Logan stumbled out into the street, tripped over the curb, and fell, striking the back of his head on the pavement. Victim caught the attention of a passing police vehicle, and, after a struggle, the officers detained Logan.

The state filed an information charging Logan with fourth-degree assault.[2] On August 18, 2022, the circuit court conducted an initial appearance and arraignment during which Logan appeared without counsel and pleaded not guilty. The docket entry reflects the circuit court informed Logan of the misdemeanor charged, the right to retain counsel,

---

[2] Unlike felonies, misdemeanors may be initiated by the state filing an information. *See* Rules 21.01, 21.02.

the right to have counsel appointed if he cannot obtain counsel, and the right to remain silent.

A special public defender entered his appearance on Logan's behalf on September 14, 2022. On October 24, 2022, Logan filed a motion to dismiss arguing his lack of counsel at the August 18 appearance violated both his constitutional right to counsel and Rule 31.02(a).

After a bench trial, the circuit court overruled Logan's motion to dismiss, found him guilty, and sentenced him to 15 days in the Boone County jail.[3] Logan appeals.

**Analysis**

Logan asserts two points on appeal. He contends his lack of counsel at his August 18 appearance, which was both his initial appearance and arraignment, violated Rule 31.02(a) as well as his constitutional right to counsel. This case comes before this Court in conjunction with four other cases presenting the same right-to-counsel questions. *See State v. Woolery*, No. SC100170, __ S.W.3d __ (Mo. banc Apr. 30, 2024); *State v. Phillips*, No. SC100247, __ S.W.3d __ (Mo. banc Apr. 30, 2024); *State v. Logan*, No. SC100265, __ S.W.3d __ (Mo. banc Apr. 30, 2024); and *State v. Mills*, No. SC100303, __ S.W.3d __ (Mo. banc Apr. 30, 2024).

In *Woolery*, handed down this same day, this Court rejected the same arguments Logan presents here. The Court explained Rule 31.02(a) does not guarantee the presence of counsel at an initial court appearance because the rule expressly contemplates a

---

[3] The circuit court ordered Logan's sentence to run consecutively to his sentences in another case.

defendant "may be without counsel upon his first appearance" and obligates the circuit court to appoint counsel only upon a showing and determination of indigency. *Woolery*, No. SC100170, __ S.W.3d at __, *slip op.* at 11-13. No such showing or determination was made prior to or during Logan's August 18 appearance. The circuit court, therefore, had no duty to appoint counsel under Rule 31.02(a).

This Court further held in *Woolery* that initial appearances and arraignments are not critical stages of a criminal prosecution triggering the constitutional right to counsel because, in Missouri, neither proceeding involves "a trial-like confrontation" during which a lack of counsel "would impair defense on the merits." *Id.* at 13-19. The Court noted that, unlike in other states, "the right to assert any defense or objection is preserved and is not irretrievably lost" if not asserted at an initial appearance or arraignment. *Id.* at 15, 17 (alterations and quotations omitted). As such, "the only way [Logan's] claim may succeed is if he suffered some recognizable prejudice from counsel's absence" at his initial appearance and arraignment. *Id.* at 18.

Logan argues he was prejudiced by the lack of counsel at his initial appearance/arraignment because it worked to deny him the opportunity to obtain an automatic change of judge under Rule 32.07(b), which requires an application for change of judge to be made within 10 days of the defendant's initial plea. Logan explains counsel did not enter his appearance until September 14, which was well more than 10 days after the initial plea at his August 18 appearance. He argues he therefore lost the opportunity to file for an automatic change of judge because counsel was not appointed at his August 18 appearance.

Logan fails to make any specific argument, however, as to why his inability to file for an automatic change of judge prejudiced him. Once counsel entered his appearance, he made no attempt to obtain a change of judge, nor does Logan argue on appeal that the trial judge exhibited any bias or in any way decided his case unfairly. As such, Logan has failed to demonstrate that the lack of counsel at his August 18 appearance resulted in prejudice. Logan's Points I and II are denied.

## Conclusion

For the reasons set forth above, the circuit court's judgment is affirmed.

_____
Robin Ransom, Judge

All concur.